United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MENDOZA IJOM,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | Case No. 1:26-cv-08265 (EJD)<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2, 9 |

Petitioner Pedro Mendoza Ijom is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion for a temporary restraining order in which he seeks his immediate release from custody. *See* Dkt. No. 1 at 7. He last entered the United States without inspection in 2011. *Ijom v. Warden, California City Det. Facility*, No. 1:26-CV-03712-EJD, 2026 WL 1614087, at *1 (E.D. Cal. June 4, 2026) (*Ijom I*). In February 2026, Petitioner was pulled over by ICE and has been detained for the past eight months. *Id.* He maintains that the facilities where he is currently held are "prison-like" and "inherently harsh[.]" Dkt. No. 1 at 11.

Petitioner previously filed a habeas petition arguing that due process required he be released from custody or provided a bond hearing pursuant to 8 U.S.C. § 1226(a). *Ijom v. Warden, California City Det. Facility*, No. 1:26-CV-03712-EJD, Dkt. No. 1. The Court granted the petition in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and ordering that he receive a bond hearing pursuant to that statute. *Ijom I*, 2026 WL 1614087, at *3. Petitioner received a bond hearing in June 2026. *See Ijom*, No. 1:26-CV-03712-EJD, Dkt. No. 12. At that hearing, an immigration judge denied Petitioner's bond request finding that he was a danger to the community due to a 2020 DUI conviction, as well as a flight risk. *Id.* at 3.

In this subsequent petition and TRO, Petitioner argues that his continued detention violates

both his procedural and substantive due process rights, as well as the Immigration and Nationality Act ("INA"). Dkt. No. 1 at 9–11. Respondents move to dismiss the petition, arguing first that the petition should be dismissed as an abuse of the writ, and that Petitioner's "claim regarding confinement conditions" is not cognizable in habeas. Dkt. No. 9 at 1–3. They further argue that Petitioner's detention has not become unconstitutionally prolonged. *Id.* at 2.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States District Court*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). Accordingly, to the extent Petitioner brings a challenge to his initial arrest and detention in violation of the INA, that claim was already considered in *Ijom I*, and shall not be reconsidered here. *Ijom*, 2026 WL 1614087, at *2–3. However, Petitioner may raise a constitutional challenge to his prolonged detention under 8 U.S.C. § 1226(a) as the first petition could not have raised such a claim given that it requires the passage of time. Similarly, he may also bring a substantive due process challenge to his continued detention as that too is at least partially dependent on the passage of time.

Turning to Petitioner's claim that his detention has become unconstitutionally prolonged, the Court has already concluded that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See id.* at *3. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of detention, it cannot be indefinite and instead must be "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation modified). The lack of a certain end date for detention under 8 U.S.C. § 1226(a), without more, does not render a noncitizen's detention indefinite. *Id.* at 1063.

Here, other than stating that he has been detained for more than eight months, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. Thus, habeas relief is not currently warranted on

this basis. *See Camilo A.M.L. v. Warden*, No. 1:26-CV-06174-MWJS, 2026 WL 2568530, at *1–2 (E.D. Cal. Aug. 31, 2026) (denying habeas relief to noncitizen who had been detained under 8 U.S.C. § 1226(a) for more than six months); *Z.Z. v. On Habeas Corpus*, No. 1:26-cv-05908-MWJS, 2026 WL 2234648, at *1 (E.D. Cal. Aug. 3, 2026) (same).

Petitioner has also failed to allege sufficient facts to support a substantive due process claim. Though Respondents attempt to reframe this claim as one challenging conditions of confinement, it is better understood as a substantive due process claim, of which conditions of confinement are relevant. Indeed, courts in this district have ordered release on substantive due process grounds where the "petitioner's present detention [was] excessive in relation to its purpose[.]" *Sumano v. Chestnut*, No. 1:26-CV-04954-KES-CDB (HC), 2026 WL 2177112, at *7 (E.D. Cal. July 28, 2026) (ordering release where Petitioner presented unrebutted evidence that her continued detention presented a significant risk of death for both herself and her unborn fetus). However, Petitioner has not presented any individualized evidence that his detention is excessive in relation to its regulatory purpose aside from the length of his detention and generalized reports that conditions at the California City Detention Facility are poor. *C.f.*, *Gutierrez Romo v. Chestnut*, No. 1:26-CV-03449 KES FJS (HC), 2026 WL 2254385, at *6–7 (E.D. Cal. Aug. 4, 2026) (granting substantive due process claim where petitioner had been detained eleven months, had been diagnosed with cancer and hospitalized twice while in detention, had no removal order in place, and had been expressly found by an immigration judge not be a flight risk or danger to the community). These facts, standing alone, cannot support a substantive due process claim.

For the foregoing reasons, the TRO is DENIED and the petition DISMISSED without prejudice. Any outstanding motions are DENIED as moot.

The Clerk of Court is DIRECTED to close this case.

**IT IS SO ORDERED.**

Dated: November 10, 2026

EDWARD J. DAVILA
United States District Judge